861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Soon Tae KIM, Plaintiff-Appellant,
v.
WESTERN STATE HOSPITAL, Michael A. Solomon, Members of
Treatment Team, Forensic Program Service, Francis Thomas,
Individually and in his official capacity as Arlington
County General District Court Judge, Thomas J. Kelley, Jr.,
Individually and in his official capacity as Plaintiff's
Court-appointed Lawyer, Defendants-Appellees.
 No. 88-7571.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 18, 1988.
Decided Sept. 30, 1988.
 
 Soon Tae Kim, appellant pro se.
 Thomas J. Kelley, Jr., Appellee Pro Se. Jane D. Hickey, Office of Attorney General of Virginia, for appellee Thomas.
 Mary Moffett Hutcheson Priddy McGuire, Woods, Battle & Boothe, for remaining appellees.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Soon Tae Kim, proceeding pro se, filed this suit pursuant to 42 U.S.C. Sec. 1983 challenging his pretrial commitment to a mental hospital for treatment, and seeking damages and an injunction to prevent forcible medication. The district court entered summary judgment for the defendants and dismissed the suit. We affirm.
 
 
 2
 Kim was arrested on March 1, 1987 on misdemeanor charges of trespassing (Va.Code Ann. Sec. 18.2-119) and stealing food from a restaurant (Va.Code Ann. Sec. 18.2-188). He was found mentally incompetent to stand trial under Va.Code Ann. Sec. 19.2-169.1(E), and was committed to Western State Hospital for treatment on March 5, 1987. On April 21, 1987, Kim filed the instant suit, naming as defendants his court-appointed attorney, the judge who ordered his commitment, Western State Hospital, the director of treatment and the remainder of the treatment staff at Western State, and the Attorney General of Virginia. Kim asserted that his constitutional rights were violated when the court ordered that he be committed upon the motion of his court-appointed attorney, and without conducting a hearing as required by due process and Va.Code Ann. Sec. 19.2-169.1(E). He also claimed that, under the terms of the commitment order, he should be released because he fully understood the charges against him and was capable of assisting his attorney in the defense of his case.
 
 
 3
 In June, 1987, although his commitment had allegedly been "extended" to August 4, 1987, Kim was released from state custody and the charges against him were dropped. Kim's release occurred during the pendency of the Sec. 1983 suit.
 
 
 4
 The district court, acting pursuant to a report and recommendation by a magistrate, granted motions for summary judgment filed by the defendants, basing its decision on the perceived immunity of some of defendants, the lack of state action on the part of the defendants court-appointed attorney and medical personnel at Western State, and on mootness grounds.
 
 
 5
 The district court properly dismissed Kim's claims against Western State Hospital. As an entity of the State, Western State Hospital is immune from suit in federal court by virtue of the eleventh amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984). Kim's court-appointed attorney was properly dismissed as a defendant because he was not shown to have acted "under color of state law." See Polk County v. Dodson, 454 U.S. 312 (1981). Judicial immunity cloaked the judge who ordered that Kim be committed for treatment. See Stump v. Sparkman, 435 U.S. 349 (1978). The Attorney General of Virginia was not shown to have been personally involved in any of the actions complained of by Kim; therefore, the claims against her were subject to dismissal.
 
 
 6
 Although the Supreme Court of the United States reversed our decision in West v. Atkins, 56 U.S.L.W. 4664 (U.S. June 20, 1988) (No. 87-5096), rev'q 815 F.2d 993 (4th Cir.1987), which had held that private physicians under contract to treat inmates do not act under color of state law, that reversal does not require us to vacate the district court's decision in the instant case. Even though the defendant medical personnel at Western State acted under color of state law in treating Kim, they were properly dismissed as defendants because Kim did not state a claim of constitutional significance against them. Uncontradicted evidence from the record shows that Kim was never forcibly medicated; and there is no evidence that any of the defendants were deliberately indifferent to his needs.
 
 
 7
 Finally, as Kim has been released, and as there is no indication that he is likely to again face detention or the threat of forcible medication, his requests for release and injunctive relief have been mooted.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record, and argument would not significantly aid our resolution of the issues.
 
 
 9
 AFFIRMED.